Filed 1/11/23  In re George A. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re GEORGE A., a Person Coming Under the Juvenile Court Law. | B312494<br><br>(Los Angeles County Super. Ct. No. 20LJJP00136B) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GEORGE A.,<br><br>    Defendant and Appellant. | |

        APPEAL from an order of the Superior Court of Los Angeles County, Stephanie M. Davis, Juvenile Court Referee. Dismissed.

Elizabeth Klippi, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel and Aileen Wong, Senior Deputy County Counsel, for Plaintiff and Respondent.

_____

The juvenile court sustained a dependency petition pursuant to Welfare and Institutions Code section 300, subdivision (b)(1),[1] alleging Nancy A. and George A., Jr., the parents of George A., III, had a history of domestic violence and George, Jr. had endangered George, III by being under the influence of marijuana while caring for the child. At the jurisdiction/disposition hearing the court declared George, III a dependent child of the court, removed him from his father's custody and placed him with Nancy. At the same hearing the court terminated jurisdiction, staying its ruling until a final custody and visitation order could be filed. The final custody and visitation order awarded joint legal custody of George, III to his parents and sole physical custody to Nancy, with George, Jr. limited to monitored visitation. On appeal George, Jr. argues the court's jurisdiction findings and removal order at disposition were not supported by substantial evidence. Because we cannot grant George, Jr. any effective relief, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *The Petition and First Amended Petition*

George, III, now five years old, has adrenal cancer, Cushing Syndrome, cirrhosis of the liver and a history of kidney and lung

_____

[1] Statutory references are to this code.

complications.  He has a gastrostomy tube in his stomach through which he receives medication multiple times each day.  A nurse comes to the home for eight hours per day, five days a week, to provide respite care.  As of early 2020, when George, III was almost three years old, he had the physical function of a seven-month-old.

Nancy and George, Jr. had been in a relationship for approximately 10 years that ended in 2019; however, they continued to live together for financial reasons.  On October 22, 2019 Nancy obtained a temporary custody order for George, III and a temporary restraining order protecting Nancy, George, III and Nancy's then-nine-year-old daughter from George, Jr.  Later that day, Nancy and a friend attempted to serve the temporary orders on George, Jr. in the family home.  According to Nancy and her friend, George, Jr. became threatening and belligerent.  George, Jr. called his father to intervene.  When he arrived, the grandfather pushed, slapped and punched Nancy, trying to grab George, III away from her.  They fought over the child until the grandfather pulled George, III away from Nancy and threw the child onto the couch.  Nancy called the police, and George, Jr. and his father left the home.  The responding police officers made a referral to the Los Angeles County Department of Children and Family Services.

While the Department was investigating the referral, another incident occurred.  On November 16, 2019 George, III was spending the weekend with his father.  George, Jr. should have called Nancy in the evening, so she could assist over the phone with the administration of the child's medication.  As the time for George, III's medication drew near, Nancy could not reach George, Jr. and became concerned.  She and her daughter

went to George, Jr.'s home, but he did not respond when they knocked loudly on the front door. Nancy went to the window of the bedroom and saw George, Jr. passed out on the bed and George, III on the bed crying. Seeing Nancy, the child tried to reach for her and fell off the bed. Nancy yelled at George, Jr. to wake up. George, Jr. finally woke up, but appeared confused and disoriented. Nancy told him to pass the child to her through the window, which he did. George, Jr. then went back to sleep. Nancy was unable to rouse him further to get the child's medication. Nancy had her daughter climb through the window and unlock the front door, so Nancy could come inside and retrieve George, III's medication. Nancy later told social workers that, when she entered, the kitchen smelled like marijuana. She also reported that George, Jr. usually passed out when he used marijuana. A few hours after Nancy took George, III from the home, George, Jr. called her and had no recollection of the events.

The Department filed a dependency petition under section 300, subdivision (b)(1), on February 26, 2020, alleging George, Jr. had created a detrimental and endangering situation by being unresponsive while caring for George, III. At the detention hearing George, III was removed from George, Jr.'s custody and released to Nancy.

On May 27, 2020 the Department filed a first amended petition that added language to the petition alleging that George, Jr. had been under the influence of marijuana at the time of the November 2019 incident. The amended petition also added allegations pursuant to section 300, subdivisions (a) and (b)(1), regarding the October 2019 domestic violence incident. The new allegations stated George, III had been exposed to a violent altercation between Nancy and the paternal grandfather

and Nancy and George, Jr. had a history of engaging in violent verbal altercations in the presence of George, III.[2]

### 2. *The Jurisdiction / Disposition Hearing*

The jurisdiction/disposition hearing was held on May 13, 2021. George, Jr. requested dismissal of the counts pertaining to him, arguing the domestic violence incident had to do with his father, not him, and the marijuana use alleged was a one-time incident that would not recur. Nancy requested dismissal of the petition. She argued she had been the victim of domestic violence and had been appropriately taking care of George, III for more than a year without incident.

The juvenile court dismissed the section 300, subdivision (a), allegation and sustained the two subdivision (b)(1) allegations pertaining to George, III. Proceeding to disposition the court ordered George, III placed with Nancy. The court also stated it intended to terminate jurisdiction and enter a custody order granting sole physical custody to Nancy.

### 3. *The Termination of Jurisdiction and the Custody Order*

On May 18, 2021 the juvenile court terminated jurisdiction and entered a custody order awarding sole physical custody to Nancy and joint legal custody to Nancy and George, Jr. The order specified George, Jr. would have a minimum of nine hours per week of monitored visitation. The order further explained the visits were to be monitored because George, Jr. had failed to

---

[2] The amended petition also contained two allegations pursuant to section 300, subdivision (b), pertaining to Nancy's daughter, which are not at issue in this appeal.

make substantial progress in his case plan, including individual counseling and drug testing.

4. *The Notice of Appeal and Motion To Dismiss*

George, Jr. filed a timely notice of appeal from the jurisdiction findings and disposition order on May 17, 2021.

On the same day it filed its respondent's brief, the Department moved to dismiss the appeal, arguing the termination of jurisdiction and custody order, entered the day after George, Jr. filed his notice of appeal, and George's Jr.'s failure to appeal the termination and custody order rendered the appeal moot.

In opposition George, Jr. argued he had in fact appealed the termination of jurisdiction and custody order because the juvenile court had announced its intention to terminate jurisdiction at the same hearing at which it made the orders from which George, Jr. filed his notice of appeal.

We denied the motion without prejudice, stating the issue would be reconsidered after full briefing on the case issues.

## DISCUSSION

George, Jr. argues the juvenile court's findings he placed George, III at substantial risk of serious harm based on domestic violence and marijuana use were not supported by substantial evidence. George, Jr. does not challenge the finding that Nancy's involvement in incidents of domestic violence with both him and his father also placed George, III at risk of harm. That finding provides an independent basis for affirming dependency jurisdiction over George, III regardless of any alleged error in the findings as to George, Jr. (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1492, [jurisdiction finding involving one parent is good against both; ""'the minor is a dependent if the actions of either parent

6

bring [him or her] within one of the statutory definitions of a dependent"'"]; see *In re M.W.* (2015) 238 Cal.App.4th 1444, 1452; *In re Briana V.* (2015) 236 Cal.App.4th 297, 310-311.)

As a result, even if we struck the section 300, subdivision (b)(1), findings as to George, Jr., that decision would not affect the juvenile court's jurisdiction over George, III and its authority to enter all reasonable orders necessary to protect him, including orders binding on George, Jr. that address conduct not sustained in the petition. (*In re Briana V.*, *supra,* 236 Cal.App.4th at p. 311 ["The problem that the juvenile court seeks to address need not be described in the sustained section 300 petition. [Citation.] In fact, there need not be a jurisdictional finding as to the particular parent upon whom the court imposes a dispositional order"]; *In re I.A.*, *supra,* 201 Cal.App.4th at p. 1492 ["[a] jurisdictional finding involving the conduct of a particular parent is not necessary for the court to enter orders binding on that parent, once dependency jurisdiction has been established"]; see generally § 362, subd. (a) [the juvenile court "may make any and all reasonable orders for the care, supervision, custody, conduct, maintenance, and support of the child"].)

Notwithstanding this independent basis for dependency jurisdiction, George, Jr. urges us to consider his appeal on the merits, contending the findings against him served as the basis for the court's disposition order, which he is also challenging on appeal. As George, Jr. argues, in limited circumstances reviewing courts have exercised their discretion to consider an appeal challenging jurisdiction findings despite the existence of an unchallenged ground for jurisdiction when the jurisdiction findings "serve[] as the basis for dispositional orders that are also

challenged on appeal." (*In re J.C.* (2014) 233 Cal.App.4th 1, 4; see *In re D.P.* (2015) 237 Cal.App.4th 911, 917; *In re Drake M.* (2012) 211 Cal.App.4th 754, 763.) Nevertheless, because George, Jr. is no longer subject to any orders made at disposition, which have been superseded by the juvenile court's termination of jurisdiction and entry of a final custody order, his challenge to the disposition order does not warrant the exercise of discretion to address the jurisdiction findings against him.

Finally, to the extent George, Jr. argues we should address the merits of his argument regarding jurisdiction because it served as the basis for the final custody order, this argument too is unavailing. For an allegedly erroneous jurisdiction finding to be reviewable after termination of jurisdiction, an appeal from the orders terminating jurisdiction and awarding custody is necessary. "Unless the appellate court reverses or vacates the order terminating dependency, the juvenile court has no jurisdiction to conduct further hearings in the now-closed case, including modification of its custody order." (*In re Rashad D.* (2021) 63 Cal.App.5th 156, 164.)

George, Jr. argues he has, in fact, appealed the termination and custody order. However, even if the notice of appeal filed after the hearing at which the court stated its intent to terminate jurisdiction, but before that order was entered, was sufficient to preserve the issue for appeal,[3] George, Jr. has not made any legal

---

[3] George, Jr. checked the box on the Judicial Council's approved form JV-800, notice of appeal-juvenile, stating his intent to appeal the juvenile court's section 360 declaration of dependency and removal of custody from a parent, as well as the section 300 jurisdiction findings. The notice contained no

8

or factual argument challenging the custody order.[4]  In particular, he has not addressed why the custody order was not in George, III's best interest or explained how the juvenile court abused its discretion in awarding sole physical custody to Nancy or limiting him to monitored visitation.  (See *In re John W.* (1996) 41 Cal.App.4th 961, 965 [when making a juvenile court custody order "it is the best interests of the child, in the context of the peculiar facts of the case before the court, which are paramount"]; see also *In re C.W.* (2019) 33 Cal.App.5th 835, 863 [juvenile court custody and visitation orders reviewed for abuse of discretion].)  Accordingly, George, Jr. has presented no basis on which we could reverse the termination of jurisdiction and custody order and, therefore, no basis on which we could provide any effective relief in this appeal.  (See *In re Rashad D., supra,* 63 Cal.App.5th at p. 163 ["'[t]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error'"]; *In re A.B.* (2014) 225 Cal.App.4th 1358, 1364 ["'[w]hen no effective relief can be granted, an appeal is moot and will be dismissed'"]; *In re Dani R.* (2001) 89 Cal.App.4th 402, 404 ["'[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events.  A reversal in such a case would be

---

indication he intended to challenge termination of jurisdiction or the custody order that would be, but was not yet, entered.

4      Because the court's assumption of jurisdiction based on Nancy's actions remains unchallenged, the court's subsequent decision to terminate jurisdiction was necessarily within its authority.

without practical effect, and the appeal will therefore be dismissed"'].)

## DISPOSITION

The appeal is dismissed.

PERLUSS, P. J.

We concur:

SEGAL, J.

FEUER, J.